■ RYE PSYCHIATRIC HOSPITAL CENTER, Respondent, v FRANK E. PERSKY, Appellant. BETH PERSKY, Impleaded Defendant-Appellant.—In an action to recover for the reasonable value of services rendered, in which action defendant Frank E. Persky interposed a counterclaim on behalf of himself and his daughter Beth Persky, *inter alia,* for malpractice, defendant and Beth Persky appeal from an order of the Supreme Court, Westchester County, entered December 19, 1974, which granted plaintiff's motion to dismiss the counterclaim. Order modified by adding to the decretal paragraph thereof, immediately after the word "granted", the following: "to the extent that it seeks dismissal of that branch of the counterclaim which seeks damages on behalf of Beth Persky, and the motion is denied as to that branch of the counterclaim which seeks recovery on behalf of Frank E. Persky". As so modified, order affirmed, without costs or disbursements. A counterclaim may be asserted only by "one or more *defendants or a person whom a defendant represents"* (CPLR 3019, subd [a]; emphasis supplied). It is undisputed that Beth Persky was not named as a defendant. Furthermore, since she was over the age of 21 years at the time this action was commenced, any cause of action which she might have against plaintiff belonged to her. Therefore, her father, the defendant herein, could not properly interpose a counterclaim on her behalf, as her representative. However, the counterclaim also asserts a cause of action on behalf of defendant Frank E. Persky to recover moneys paid to the plaintiff. Insofar as the counterclaim asserts such a claim, it should not have been dismissed. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ SAFECO INSURANCE COMPANY OF AMERICA et al., Appellants, v ALL SEASONS RECREATION, INC., et al., Defendants, and JAMES DOWLING et al., Respondents.—In an action by insurers for the reformation, *nunc pro tunc,* of an all-purpose policy of insurance, the appeal is from (1) an order of the Supreme Court, Nassau County, entered December 19, 1975, which, after a nonjury trial, dismissed the complaint, and (2) the judgment of the same court, entered thereon on January 6, 1976. Judgment and order affirmed, with one bill of costs. The evidence adduced at the trial fell far short, in strength and in credibility, of the standard of proof required to grant reformation of the contract of insurance, either on the basis of mutual mistake, or on the ground of fraud perpetrated on the insurers. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.

■ SAGA RESTAURANT CORP., Appellant, v NATIONAL COMFORT CONTROL CORP. et al., Respondents.—In an action to recover for damage to property, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered April 7, 1975, which is in favor of defendants and against it, upon the trial court's dismissal of the complaint at the close of the plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact findings were presented for review. Plaintiff is entitled to the benefit of every favorable inference which could reasonably be drawn from the facts to sustain the complaint. On the facts herein, a prima facie case was established. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.